# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LAM, et al., | ) | CASE NO. 1:16CV1563 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| THE CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Rule 12(c) Motion (ECF DKT #18) of Defendant City of Cleveland for Judgment on the Pleadings. For the following reasons, the Motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

Plaintiff, David H. Lam, is a Detective in the Cleveland Police Department and an infantry Captain in the Ohio Army National Guard. He has been employed by Cleveland since 2008; and since 2004, he has been a drilling member of the Ohio Army National Guard. Plaintiff, Leonard Graf, is a Patrolman in the Cleveland Police Department and a helicopter maintenance mechanic Staff Sergeant in the Ohio Army National Guard. He has been

employed by Cleveland since 2006; and since 2000, he has been a drilling member of the Ohio Army National Guard.

On October 10, 2016, Plaintiffs filed their Second Amended Complaint for Money Damages Only (ECF DKT #14). Plaintiffs bring this action on their behalf and on behalf of similarly situated individuals who are current permanent public employees of an Ohio municipality or unincorporated township and who are also drilling military reservists who have not been paid all the State paid military leave they have accrued pursuant to R.C. § 5923.05. Plaintiffs also bring this action against a putative defendant class of Ohio municipalities and unincorporated townships that have adopted or promulgated a local ordinance that directly or indirectly eliminates, reduces or limits in any way the State paid military leave benefit of any of their permanent public employees who are also drilling military reservists.

Plaintiffs bring this action in U.S. District Court pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, et seq. ("USERRA"). The USERRA compels civilian employers to deem military reservists to be on an authorized leave of absence or furlough from their civilian employment while performing their reserve military duties and training in times of peace or war. Further, the USERRA prohibits discrimination against persons because of their service in the reserve components of the uniformed services, including the National Guard.

Plaintiffs additionally allege that R.C. § 5923.05 requires public employers to pay their reservist employees their civilian pay for up to one month in each calendar year in which they are performing their reserve military duties and training. (ECF DKT #14, ¶ 7).

Plaintiffs specifically allege that the City of Cleveland has promulgated an ordinance, § 171.57, and has entered into a Collective Bargaining Agreement ("CBA") with the Cleveland Police Patrolmen's Association, which have the practical effect of reducing or eliminating the employment benefit of State paid military leave to its employees who are military reservists in violation of the USERRA and R.C. § 5923.05. (ECF DKT #14, ¶¶ 8-9).

Count I of the Second Amended Complaint requests Declaratory Judgment. Count II alleges Violation of the USERRA (Denying Reservists a benefit of their employment accrued during the performance of their military service). Count III alleges Violation of the USERRA (Denying Reservists on military leave rights and benefits provided by Cleveland to other similar employees on comparable furloughs or other leave of absences under their CBA with the named plaintiffs' union; specifically providing only differential pay to reservist on military leave compared to providing paid leave to other employees on jury duty).

Defendant City of Cleveland moves for Judgment on the Pleadings under Fed.R.Civ.P. 12(c). The City argues that its differential pay method for military service leave is not a violation of the USERRA; and that it is well-settled law in Ohio that a chartered municipality like Cleveland has the Home Rule authority to establish its own policy with respect to military leave and wages. In its Motion (ECF DKT #18), the City does not address Count I of Plaintiffs' Complaint.

## II. LAW AND ANALYSIS

**Motion for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he

standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

**USERRA**

According to 38 U.S.C. § 4301:

(a) The purposes of this chapter are– (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services. (b) It is the sense of Congress that the Federal Government should be a model employer in carrying out the provisions of this chapter.

Pursuant to 38 U.S.C. § 4302(b), "[t]his chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit."

Further, 38 U.S.C. § 4311(a) provides: "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

Moreover, pursuant to 38 U.S.C. § 4316(b), a person who is absent from a position of employment by reason of service in the uniformed services shall be deemed to be on furlough or leave of absence while performing such service and "entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

38 U.S.C. § 4303(2) recites:

> The term "benefit," "benefit of employment," or "rights and benefits" means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

**R.C. Chapter 5923 - Organized Militia**

R.C. § 5923.05(A)(1) provides that: "Permanent public employees who are members of the Ohio organized militia or members of other reserve components of the armed forces of

the United States, including the Ohio national guard, are entitled to a ***leave of absence from their respective positions without loss of pay*** for the time they are performing service in the uniformed services, for periods of up to one month, for each calendar year in which they are performing service in the uniformed services." (Emphasis added).

**City of Cleveland Codified Ordinance**

The City's Ordinance governing military service leave of absence and benefits during service is § 171.57 and it reads in pertinent part:

> (a) All officers and employees of the City who are regular active-duty members of any component of the Armed Forces of the United States, or reservists who are called to active-duty to serve in the Ohio National Guard, * * *, are entitled to a leave of absence from their respective duties for such time as they are in the military service on field training or active duty. ***If a City employee's military pay or compensation during such period of leave of absence is less than his or her City pay would have been for such period, he or she shall be paid, by the City, the difference in money between the City pay and his or her military pay for such period.*** (Emphasis added).

**Collective Bargaining Agreement (CBA)**

The CBA between the City of Cleveland and the Cleveland Police Patrolmen's Association provides for military leave in Article XIII:

> A patrol officer who is temporarily called to active duty (e.g. summer training) shall be granted a leave for the duration of such active duty and ***shall be paid the difference between his regular pay and his total military pay*** (upon receipt of a service pay voucher) for a period not to exceed thirty-one (31) days in any calendar year, and further, shall accumulate vacation and sick leave with pay credit during the period of such leave. (Emphasis added).

**Lam and Graf's Complaint**

In Count II of the Second Amended Complaint, Plaintiffs allege: "The enforcement of these municipal military leave ordinances and the illegal CBA cause the named plaintiffs and the proposed class plaintiffs a disparate impact and deny them a benefit of their employment,

their State paid military leave benefit, within the meaning of § 4311 of the USERRA."

The Court disagrees. First, from the Court's reading of the relevant sections of the USERRA, it is clear that the intent of the federal legislation is to prohibit discrimination and less beneficial treatment of employee-service members because of their military service. Second, the Court notes that Plaintiffs' Complaint acknowledges that "[n]o provisions in USERRA directly compel civilian employers to pay their reservist employees during periods of deemed military leave." (ECF DKT #14, ¶ 5). Third, R.C. § 5923.05(A)(1) mandates that permanent public employee-members of the Ohio National Guard (like Plaintiffs) are entitled to a leave of absence *without loss of pay* when performing in the uniformed services. Last, under the City Ordinance § 171.57 and the operative CBA, employees on military leave of absence receive the difference between their full military pay and their civilian pay. They earn exactly what they would have earned had they not taken military leave. The USERRA does not mandate otherwise and there is no loss of pay as prohibited by the Ohio statute.

From another perspective, as Defendant City points out, a chartered municipal corporation is authorized by the Ohio Constitution to exercise all powers of local self-government. An ordinance adopted pursuant to this home-rule authority (for example, § 171.57 governing military leave of Cleveland employees) prevails over any state law on the same subject matter. *State ex rel. Fraternal Order of Police v. City of Sidney*, 91 Ohio St.3d 399 (2001); *Mullen v. City of Akron*, 116 Ohio App. 417 (9th Dist. 1962).

The operative CBA affects Plaintiffs Lam and Graf the same as the Cleveland Ordinance. If Plaintiffs had a dispute with the Military Leave provision of the CBA, they could have grieved their dispute and pursued arbitration. There is no allegation in the Second

Amended Complaint that Plaintiffs pursued their union remedy or that it would have been futile to do so.

The Court finds that there are no material facts in dispute as to Count II of the Second Amended Complaint and that Defendants are entitled to judgment as a matter of law. Defendants' Motion for Judgment on the Pleadings is granted on Count II.

In Count III, Plaintiffs Lam and Graf allege that the City of Cleveland is denying reservists on military leave the rights and benefits provided by the City to other similar employees on comparable furloughs or leave of absences. Discrimination in employment benefits and rights because of an employee's military service is forbidden by the USERRA. The Department of Labor has promulgated regulations implementing the USERRA. 20 C.F.R. § 1002.150(b) is particularly apt to the issue here:

> If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare. For instance, a two-day funeral leave will not be "comparable" to an extended leave for service in the uniformed service. In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered. *Id*.

Applying the Court's required standard of review under Fed.R.Civ.P. 12(c), the Court is unable to find in Defendant's favor based upon the pleadings alone. The Court is unable to determine whether Plaintiffs undoubtedly can prove *no* set of facts in support of their comparability claim that would entitle them to relief. Whether or not the City is denying Plaintiffs the same benefits granted to other employees for other furloughs and leaves is an analysis necessitating consideration of facts outside the pleadings. Therefore, Defendant's

Motion for Judgment on the Pleadings is denied as to Count III of Plaintiffs' Second Amended Complaint.

### III. CONCLUSION

For all these reasons, and since Defendant did not make any argument on the Declaratory Judgment Claim in Count I, the Rule 12(c) Motion (ECF DKT #18) of Defendant City of Cleveland for Judgment on the Pleadings is granted in part as to Count II only and denied as to the remainder of the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATE: 8/2/2017**

S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**