# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID LAM, et al.,** | ) | **CASE NO. 1:16CV1563** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **THE CITY OF CLEVELAND,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #30) of Plaintiffs, David Lam and Leonard Graf, for Fed.R.Civ.P. 11 Sanctions. For the following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiffs, David Lam and Leonard Graf, are drilling military reservists in the Ohio National Guard and officers in the Cleveland Police Department. They claim that, under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and pursuant to R.C. § 5923.05, they are entitled to paid military leave as an employment benefit from their civilian employer for the time they are performing their training and drilling duties in each

year.

Plaintiffs filed their Amended Complaint on October 10, 2016. The City answered and then, on October 31, 2016, filed its Fed.R.Civ.P. 12(c) Motion for Judgment on the Pleadings. Plaintiffs were granted leave to file their amended Brief in Opposition on December 15, 2016. The City filed its Reply Brief on December 27, 2016.

On June 19, 2017, Plaintiffs filed the instant Motion for Sanctions. Plaintiffs assert that the City has committed sanctionable conduct by:

- filing an "out-of-rule," frivolous Motion for Judgment on the Pleadings

- misrepresenting the standard for adjudicating a 12(c) motion

- making legal contentions not warranted by existing law

- making factual contentions not warranted by the evidence

- denying facts where it is unwarranted

- adding a 12(c) motion phase to cause Plaintiffs unnecessary delay and expense

## **II. LAW AND ANALYSIS**

Fed. R. Civ. P. 11(b) states:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11 permits sanctions under section (c) which holds:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

In determining whether sanctions may be imposed under Rule 11, the Sixth Circuit has stated the appropriate test is "whether the individual's conduct was reasonable under the circumstances." *International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguirre,* 410 F.3d 297, 304 (6th Cir.2005). In *Elsman v. Standard Fed. Bank*, 46 F. App'x. 792, 801 (6th Cir. 2002), the Sixth Circuit cited to 5A Wright and Miller, Federal Practice and Procedure, Civil 2d §337 at 132-33 (1990) as a guide for Courts in determining sanctions under Rule 11:

> If sanctions are deemed appropriate, the court should indicate fairly precisely what conduct has been found to be improper and under which provision of law the sanctions are being awarded. In addition, and particularly when a substantial amount of money

is involved, the district judge should state with some specificity the manner in which the sanction has been computed.

Upon consideration of the Rule 12(c) briefing, and upon review of the applicable law, the Court finds that sanctions against Defendant City of Cleveland are not appropriate.

The Motion for Judgment on the Pleadings was not filed out-of-rule. The City's Motion was filed after the pleadings were closed but not so as to delay trial of the matter.

The Court is cognizant of the proper standard of review under Fed.R.Civ.P. 12(c). Without acknowledging that the standard the City used was erroneous, the Court wants the parties to know that it does not simply parrot the parties' briefs. Rather, the Court examines the applicable rule and utilizes the standard of review authorized in the Sixth Circuit.

The Court disagrees with Plaintiffs' characterization of Defendant's Motion as frivolous. In fact, the Court found the Motion meritorious, at least in part. (See Opinion and Order, ECF DKT #38).

The Court declines to find Defendant's arguments deserving of punishment. The City of Cleveland's position that "there are virtually no disputed facts" is not worthy of sanctions.

However, the Court does believe that Defendant's conduct is problematic and sloppy in at least one aspect. The City of Cleveland repeats multiple times in its briefs that the Collective Bargaining Agreement ("CBA") between the City and Police Union is silent on Jury Duty Leave. In reality, there is a provision dedicated to the topic of Jury Duty as well as to other leaves and furloughs. That being said, there has been no fraud on the Court. The Court is certainly capable of reading (and in fact, did read) the documents submitted in support and in opposition to the 12(c) Motion. Those documents included the CBA. Any arguments Plaintiffs make regarding the comparative application of Military Leave versus

Jury Duty or other leaves or furloughs is a subject for future dispositive motion practice following some period of discovery.

Finally, the Court is constrained to note that, if Plaintiffs seek an order from the Court enforcing the Civil Rules against Defendant, they must, themselves, comply fully with those Rules. Plaintiffs filed their Motion for Sanctions, on June 19, 2017, which violated Local Rule 7.1 page limitations and without seeking prior leave of Court. Then, belatedly, on July 6, 2017, Plaintiffs moved for approval to file their Motion in excess of the page limits. As is the situation when a party seeks equity, these Plaintiffs cannot expect to receive relief from the Court when they act with "unclean hands."

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #30) of Plaintiffs, David Lam and Leonard Graf, for Fed.R.Civ.P. 11 Sanctions is denied. Further, Plaintiffs' Motion (ECF DKT #33) for Prior [sic] Approval to File a Memorandum in Excess of the Page Limitations Established in Loc.R. 7.1(f) and Plaintiffs' Motion (ECF DKT #34) for an Order Granting Them Leave to File an Amended First Motion for Sanctions, Nunc Pro Tunc are denied as moot. Defendant's Motion (ECF DKT #27) for Leave to Correct the Record Pertaining to Defendant's Pending Rule 12(c) Motion is moot.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

Dated: August 3, 2017