| | | |
|---|---|---|
| **DAVID LAM, et al.,** | ) | **CASE NO. 1:16CV1563** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **THE CITY OF CLEVELAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #55) of Defendant City of Cleveland for Summary Judgment on Plaintiff's Remaining Claims and the Amended Motion (ECF DKT #57) of Plaintiff Leonard Graf for Summary Judgment. For the following reasons, Defendant's Motion is granted and Plaintiff's Motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff, David H. Lam, is a Detective in the Cleveland Police Department and an infantry Captain in the Ohio Army National Guard. He has been employed by Cleveland since 2008; and since 2004, he has been a drilling member of the Ohio Army National Guard. Plaintiff, Leonard Graf, is a Patrolman in the Cleveland Police Department and a helicopter maintenance mechanic Staff Sergeant in the Ohio Army National Guard. He has been employed by Cleveland since 2006; and since 2000, he has been a drilling member of the Ohio Army National Guard.

On October 10, 2016, Plaintiffs filed their Second Amended Complaint for Money Damages Only (ECF DKT #14). Plaintiff Graf brings an individual action only: "Graf brings

his claims against Cleveland as the claim of an individual Plaintiff against Cleveland as an individual Defendant, pursuant to the rules of civil procedure other than Fed.Civ.R. 23." (ECF DKT #14, ¶ 12).  Plaintiff Lam brings this action on his behalf and on behalf of similarly-situated individuals who are current permanent public employees of an Ohio municipality or unincorporated township and who are also drilling military reservists who have not been paid all the State paid military leave they have accrued pursuant to R.C. § 5923.05.  Plaintiff Lam also brings this action against a putative defendant class of Ohio municipalities and unincorporated townships that have adopted or promulgated a local ordinance that directly or indirectly eliminates, reduces or limits in any way the State paid military leave benefit of any of their permanent public employees who are also drilling military reservists.

On November 6, 2017, the parties filed a Stipulation (ECF DKT #47), dismissing all the claims of Plaintiff Lam against the City of Cleveland without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  The Court entered the dismissal on the following day.

The Second Amended Complaint is brought in federal court pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA").  The USERRA compels civilian employers to deem military reservists to be on an authorized leave of absence or furlough from their civilian employment while performing their reserve military duties and training in times of peace or war.  Further, the USERRA prohibits discrimination against persons because of their service in the reserve components of the uniformed services, including the National Guard.

The Complaint additionally alleges that R.C. § 5923.05 requires public employers to pay their reservist employees their civilian pay for up to one month in each calendar year in which they are performing their reserve military duties and training. (ECF DKT #14, ¶ 7).

The Complaint specifically alleges that the City of Cleveland has promulgated a Codified Ordinance § 171.57, and has entered into a Collective Bargaining Agreement ("CBA") with the Cleveland Police Patrolmen's Association, which have the practical effect of reducing or eliminating the employment benefit of State paid military leave to its employees who are military reservists in violation of the USERRA and R.C. § 5923.05. (ECF DKT #14, ¶¶ 8-9).

On August 2, 2017, the Court granted Defendant City of Cleveland's Motion for Judgment on the Pleadings and dismissed Count II of the Second Amended Complaint for the alleged violation of the USERRA by denying Reservists a benefit of their employment accrued during the performance of their military service.

The only remaining counts are Count I requesting Declaratory Judgment and Count III alleging violation of the USERRA (denying reservists on military leave rights and benefits provided by Cleveland to other similar employees on comparable furloughs or other leave of absences under their CBA with the named Plaintiffs' union; specifically providing only differential pay to reservists on military leave compared to providing paid leave to other employees on jury duty).

Both Plaintiff Graf and Defendant City of Cleveland have filed Motions for Summary Judgment in their favor on the Declaratory Judgement Count and on the claim for Comparable Leave under the USERRA, 38 U.S.C. § 4316.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party

fails to make the necessary showing on an element upon which it has the burden of proof, the

moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary

judgment is appropriate depends upon "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323

F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>USERRA</u>**

> According to 38 U.S.C. § 4301:

> (a) The purposes of this chapter are– (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services. (b) It is the sense of Congress that the Federal Government should be a model employer in carrying out the provisions of this chapter.

> Pursuant to 38 U.S.C. § 4302(b), "[t]his chapter supersedes any State law (including

any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that

reduces, limits, or eliminates in any manner any right or benefit provided by this chapter,

including the establishment of additional prerequisites to the exercise of any such right or the

receipt of any such benefit."

> Further, 38 U.S.C. § 4311(a) provides: "A person who is a member of, applies to be a

member of, performs, has performed, applies to perform, or has an obligation to perform

service in a uniformed service shall not be denied initial employment, reemployment,

retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

Moreover, pursuant to 38 U.S.C. § 4316(b), a person who is absent from a position of employment by reason of service in the uniformed services shall be deemed to be on furlough or leave of absence while performing such service and "entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

38 U.S.C. § 4303(2) recites:

The term "benefit," "benefit of employment," or "rights and benefits" means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

**R.C. Chapter 5923 - Organized Militia**

R.C. § 5923.05(A)(1) provides that: "Permanent public employees who are members of the Ohio organized militia or members of other reserve components of the armed forces of the United States, including the Ohio national guard, are entitled to a ***leave of absence from their respective positions without loss of pay*** for the time they are performing service in the uniformed services, for periods of up to one month, for each calendar year in which they are

performing service in the uniformed services." (Emphasis added).

**City of Cleveland Codified Ordinance**

The City's Ordinance governing military service leave of absence and benefits during

service is § 171.57 and it reads in pertinent part:

> (a) All officers and employees of the City who are regular active-duty
> members of any component of the Armed Forces of the United States, or
> reservists who are called to active-duty to serve in the Ohio National Guard, *
> * *, are entitled to a leave of absence from their respective duties for such time
> as they are in the military service on field training or active duty. ***If a City
> employee's military pay or compensation during such period of leave of
> absence is less than his or her City pay would have been for such period, he
> or she shall be paid, by the City, the difference in money between the City
> pay and his or her military pay for such period.*** (Emphasis added).

**Collective Bargaining Agreement (CBA)**

The CBA between the City of Cleveland and the Cleveland Police Patrolmen's

Association provides for military leave in Article XIII:

> A patrol officer who is temporarily called to active duty (e.g. summer training)
> shall be granted a leave for the duration of such active duty and ***shall be paid
> the difference between his regular pay and his total military pay*** (upon
> receipt of a service pay voucher) for a period not to exceed thirty-one (31)
> days in any calendar year, and further, shall accumulate vacation and sick
> leave with pay credit during the period of such leave. (Emphasis added).

**Count I - Declaratory Judgment**

Pursuant to R.C. § 2721.02, "courts of record may declare rights, status, and other

legal relations whether or not further relief is or could be claimed." Likewise, 28 U.S. C.

§ 2201(a) authorizes actions for declaratory relief and provides that "[i]n a case of actual

controversy within its jurisdiction, * * * any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." The United States Supreme Court has consistently emphasized that the Declaratory Judgment Act is discretionary in nature – that courts are authorized, but not necessarily required, to grant declaratory relief. See, for example, *Public Affairs Press v. Rickover*, 369 U.S.111,112 (1962). 28 U.S.C. § 2201(a) "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985) (quoting *Public Serv. Comm'n. v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

The Sixth Circuit Court of Appeals applies two criteria when deciding whether declaratory relief is appropriate:

> The two principal criteria guiding the policy in favor of rendering declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. *Allstate Ins. Co. v. Mercier*, 913 F. 2d 273, 277 (6th Cir. 1990).

Plaintiff Graf posits a number of reasons why the Court should grant him declaratory relief on Count I of his Second Amended Complaint. Moreover, he asserts that there are no genuine issues of material fact in dispute on this claim and that he is entitled to judgment as a matter of law.

First, Plaintiff Graf contends that Ohio municipal governments possess no military powers; therefore, no municipal military leave ordinance in Ohio can be constitutional. Military or "war powers" are set forth in Art. I, § 8 of the U.S. Constitution and no such powers, including militia powers, are granted, reserved or delegated to the political subdivisions of Ohio.

Second, according to Plaintiff, the USERRA preempts Codified Ordinance § 171.57.

Third, Plaintiff insists that case law in Ohio on this issue is sparse but conclusively favors reservists like himself.

Fourth, Plaintiff proposes that the military leave provision of the CBA violates §§ 4117.10 and 5923.05 of the Ohio Revised Code.

Lastly, Plaintiff Graf asserts that the Ordinance is an exercise of police power, R.C. § 5923.05 is a general statute of statewide concern and additionally, the Court should be persuaded by the public policy considerations of "the readiness and preparedness of the state and federal military reservists during a shooting war in which Ohio Reservists are taking an active role." (ECF DKT #57 at 11-12).

In opposition, Defendant City of Cleveland counters these assertions, directs the Court's attention to relevant Ohio case law and challenges Plaintiff's entitlement to declaratory relief because of non-compliance with R.C. § 2721.12.

Defendant points out that R.C. § 2721.12 requires Plaintiff to serve a copy of his Complaint on the State Attorney General because it alleges that the City Ordinance is unconstitutional. Although the Second Amended Complaint was filed on October 10, 2016, Plaintiff did not serve notice upon the Ohio Attorney General until he was prompted by Defendant. The docket reflects that Plaintiff belatedly served the Ohio Attorney General on February 26, 2018 (ECF DKT #65). Since Plaintiff cured the jurisdictional defect, the Court will not dismiss the Declaratory Judgment Count on the basis of the R.C. § 2721.12 mandate.

However, the Court agrees with Defendant that Plaintiff Graf is not entitled to judgment in his favor on Count I for the following reasons.

Plaintiff Graf sets out the military and war powers held by the federal government as provided in the U.S. Constitution and then contends that Codified Ordinance § 171.57 is an unconstitutional exercise of authority over military leave and training. The Court has thoroughly read the constitutional provisions cited and the language of the City Ordinance on military leaves of absence. The Ordinance in question does not mandate when or how a City employee participates in military training nor when military leave is necessary. Rather, it provides for compensation and benefits when an employee is called to active duty or for training in the Armed Services and National Guard. The Court refuses to stretch and contort the wording, meaning and intent of the Ordinance to make it into an exercise of military power as Plaintiff suggests.

The Court is also not convinced that the USERRA preempts the City's legislation. In a prior Opinion and Order (ECF DKT #38), the Court outlined its analysis of the USERRA *vis-a-vis* the Cleveland Codified Ordinance.

> First, from the Court's reading of the relevant sections of the USERRA, it is clear that the intent of the federal legislation is to prohibit discrimination and less beneficial treatment of employee-service members because of their military service. Second, the Court notes that Plaintiffs' Complaint acknowledges that "[n]o provisions in USERRA directly compel civilian employers to pay their reservist employees during periods of deemed military leave." (ECF DKT #14, ¶ 5). . . . Under the City Ordinance § 171.57 and the operative CBA, employees on military leave of absence receive the difference between their full military pay and their civilian pay. They earn exactly what they would have earned had they not taken military leave. The USERRA does not mandate otherwise . . . *Id.* at p.7.

Defendant City of Cleveland is not legislating when or how members of the Armed Services who are City employees can take a military leave of absence nor denying such employees any rights or benefits to which they are entitled under the USERRA. On an

individual level, Plaintiff Graf offers no evidence that his requests for military leave were ever refused or that he suffered any discriminatory treatment upon his return to civilian employment through application of the City Ordinance.

The Court finds that Plaintiff's claim that the USERRA preempts Codified Ordinance § 171.57 is without merit.

The Court recognizes that there are only a few cases addressing the central issues of this lawsuit; but these decisions are totally on point and dictate the outcome the Court reaches today. On the other hand, Plaintiff relies upon an outdated Attorney General's Opinion from 1960, a Hamilton County Common Pleas Court decision from 1937 and a 2009 Ohio Supreme Court decision which addresses the unrelated issue of municipal residency restrictions. Plaintiff's criticisms that the Ohio Supreme Court decisions, offered by Defendant City of Cleveland, are distinguishable and not controlling precedent or do not apply the proper tests of constitutional validity or exhibit judicial activism and improper jurisprudence on statutory construction, are untenable. Furthermore, Plaintiff is asking the Court to sit as an appellate court reviewing the final decisions of the Ohio Supreme Court. This the Court cannot and will not do.

In *Northern Ohio Patrolmen's Benevolent Assn. v. City of Parma*, 61 Ohio St.2d 375 (1980), plaintiffs sought a declaratory judgment that an ordinance passed in the unchartered municipality of Parma, governing compensation for a city employee on military leave of absence, was in conflict with R.C. § 5923.05 and was unconstitutional. Justice Locher instructed that legislative enactments are clothed with a strong presumption of constitutionality, and whenever possible, the court should harmonize the general law and the

municipal ordinance. *Id*. at 377. Pursuant to R.C. § 5923.05, an employee receives a full city salary *plus* a military salary for the period of the leave of absence; but under the Parma Ordinance, like Codified Ordinance § 171.57 here, an employee only receives the equivalent of the city salary. "The statute and the ordinance seek to legislate on the same subject matter, the same individuals, and for the same period of time but at different rates of payment. The two enactments are in direct conflict." *Id*. Nevertheless, Parma's legislation prevails over the general state law and is valid since it is limited to a matter of local self-government, *i.e.*, determining the wages paid to city employees. *Id*. at 383-84, citing *State ex rel. Mullin v. Mansfield*, 26 Ohio St. 2d 129 (1971).

Plaintiff rightly points out that there is a distinction between the *Parma* case and the instant matter because Parma is an unchartered municipality. Nevertheless, the *Parma* court did comment that "[i]t is axiomatic that an ordinance, similar to the one at bar, if enacted by a chartered municipality, would prevail over the state law irrespective of any conflict," citing *Mullen v. Akron*, 116 Ohio App. 417 (1962).

The Ohio Supreme Court faced the issue "head-on" of an ordinance adopted by a chartered municipality pursuant to its constitutional home-rule authority regarding military leave of its employees versus conflicting state law in *State ex rel. Fraternal Order of Police, et al. v. City of Sidney*, 91 Ohio St.3d 399 (2001). In a *per curiam* opinion, Ohio's highest court dismissed a writ of mandamus sought to compel the City of Sidney to comply with R.C. § 5923.05 by paying a police officer reservist his regular pay irrespective of any pay he receives from the military during his military leaves of absence. "An ordinance adopted by a municipality pursuant to its constitutional home-rule authority regarding military leave of its

-12-

employees prevails over conflicting state law." *Id.* at 402.

In another instance, the City of Akron, a chartered municipal corporation, had a City Code provision which mirrors Cleveland's § 171.57: "If a city employee's military pay * * * during such period of leave of absence is less than his city pay would have been for such period, he shall be paid by the city the difference between the city pay and his military or other pay for such period." *Fraternal Order of Police, Akron Lodge No.7 v. City of Akron*, No. 20646, 2002 WL 1263956 (Ohio App. 9th Dist. May 29, 2002). "[T]he authority to establish salaries paid to employees of a municipality is a fundamental power of local self-government," and a municipal ordinance prevails over the state statute concerning military leave. *Id.* at *3.

It is clear to the Court that well-settled law supports the City of Cleveland's position and does not support Plaintiff Graf's claim for Declaratory Judgment.

Plaintiff's insistence that the military leave provision of the CBA between the City of Cleveland and the Cleveland Police Patrolmen's Association violates §§ 4117.10 and 5923.05 of the Ohio Revised Code is similarly unavailing. As recognized in *Sidney*, 91 Ohio St.3d at 402: "R.C. 4117.10(A) expressly states that *absent* an election by the city to provide the military leave specified in R.C. 5923.05, the provisions of the collective bargaining agreement prevail." (Emphasis added). It is obvious from the language of the Ordinance and of Article XIII of the CBA that the City of Cleveland has not elected to provide benefits in accordance with R.C. § 5923.05. Therefore, the CBA prevails.

Plaintiff Graf's remaining arguments that the City Ordinance is an exercise of police power, that R.C. § 5923.05 is a general law of statewide concern and that public policy

compels a finding in his favor on Count I are not persuasive. Simply because the exercise of

self-government relates to the municipality's police department does not make the City of

Cleveland's Ordinance an exercise of police power or police regulation. *Parma*, 61 Ohio

St.2d at 383. R.C. § 5923.05 has not been held to be a matter of statewide concern. *Parma*,

61 Ohio St.2d at 386, fn. 5. Promoting ready and prepared federal and state reservists is an

admirable goal, but:

> not at the expense of a municipality which must pay an entire salary for a 31-
> day period to an employee who is not performing any duties within the
> municipality. The state has many other viable alternatives to induce enlistment
> and maintenance of the armed reserves rather than further saddling the
> municipalities with an additional expense. The state's concern in this matter is
> not sufficient to interfere with the municipalities' fiscal decision as to wages
> paid to its employees. *Parma*, 61 Ohio St.2d at 383.

## Count III - Comparable Leave Violation

Plaintiff Graf argues that Defendant City of Cleveland is denying reservists on

military leave the rights and benefits provided by the City to other similar employees on

comparable furloughs or leave of absences. Discrimination in employment benefits and rights

because of an employee's military service is forbidden by the USERRA, 38 U.S.C. §§

4311(a) and 4316(b). The Department of Labor provides guidance in this regard:

> If the non-seniority benefits to which employees on furlough or leave of
> absence are entitled vary according to the type of leave, the employee must be
> given the most favorable treatment accorded to any comparable form of leave
> when he or she performs service in the uniformed services. In order to
> determine whether any two types of leave are comparable, the duration of the
> leave may be the most significant factor to compare. For instance, a two-day
> funeral leave will not be "comparable" to an extended leave for service in the
> uniformed service. In addition to comparing the duration of the absences,
> other factors such as the purpose of the leave and the ability of the employee to
> choose when to take the leave should also be considered. 20 C.F.R.
> § 1002.150(b).

In his Motion for Summary Judgment on Count III of the Second Amended Complaint, Plaintiff Graf abandons earlier comparisons to leaves and furloughs such as Call-In Duty and Court Time and restricts his arguments to the treatment afforded City employees on Jury Duty. He asserts that the City's Jury Duty leave benefit is "comparable" within the meaning of 38 U.S.C. § 4316, but is more favorable than the "differential" benefit provided for Military Leave. Therefore, Plaintiff asks the Court to find that Codified Ordinance § 171.57 and the associated CBA provision in Article XIII discriminate against employees in the military service and violate federal law. Upon review of the evidence, the Court is not persuaded.

According to City of Cleveland policy, employees are provided jury duty leave with pay if they turn in their compensation received from the court for jury service. (Deposition of Personnel Director Nycole West, ECF DKT #55-28 at 12-16). There is no practical difference between that policy and how police officers are treated under the CBA. (*Id*. at 16). Under the CBA, a police officer employee on jury duty shall be considered on a tour of duty and will be compensated accordingly as long as the officer surrenders the compensation received from the court. (CBA Article XI, 15(I), ECF DKT #55-11 at 20).

In his deposition, Plaintiff Graf was asked if he had ever been called for jury duty while employed with the City of Cleveland and he answered: "One time, yes." (ECF DKT #55-5 at 57). The inquiry continued:

Q. And then when you returned, did you provide the City of Cleveland with your check that you received from the court?

A. I believe I did.

-15-

Q.  And you were paid your full City pay after you turned in your check from the court?

A.  Yes.

(*Id*.).

To repeat, under the Codified Ordinance, if *a City employee's military pay or compensation during such period of leave of absence is less than his or her City pay would have been for such period, he or she shall be paid, by the City, the difference in money between the City pay and his or her military pay for such period*; and pursuant to the CBA, an employee of the police department on a military leave of absence *shall be paid the difference between his regular pay and his total military pay* (**upon receipt of a service pay voucher**).  Although Plaintiff Graf takes issue with the differential pay scheme for Military Leave as opposed to Jury Duty leave, in reality, the effect is the same.  The employee receives his or her full City pay and is not entitled to both City pay and compensation from either the court or the military.

In his Reply Brief (ECF DKT #69-1), Plaintiff provides a hypothetical calculation to illustrate his contention that the Jury Duty benefit is discriminatorily more favorable than the military leave policy.  This hypothetical is not evidence; and furthermore, Plaintiff bases his math on a false premise and on a poor analogy.  Initially, Plaintiff represents that the USERRA § 4316 "says that the employer must pay the Reservist the *same amount of dollars* it provides another non-military employee."  (Id. at 23-24).  The Court is unable to find that language in the statute.  Moreover, Plaintiff states that "non-military Patrolmen on jury-duty leave" receive a leave benefit from the City of "full pay minus their jury-duty pay."  (ECF

-16-

DKT # 69-1 at 25). But the City does not deduct any amount from an employee's pay for jury duty. The employee receives full pay for the period of jury duty upon turning in the jury voucher. The Court cannot imagine that Plaintiff is arguing that it would be fair or favorable if the City were to require him to turn in his military pay upon completion of his leave of absence. This is especially so since his military pay exceeds his patrolman's salary.

The Court holds that Plaintiff Graf is not entitled to judgment in his favor on Count III of his Second Amended Complaint.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #55) of Defendant City of Cleveland for Summary Judgment on Plaintiff's Remaining Claims is granted and the Amended Motion (ECF DKT #57) of Plaintiff Leonard Graf for Summary Judgment is denied. In light of the stipulated dismissal of Plaintiff David Lam and all of his class claims, and because Plaintiff Graf alleges only individual claims against one Defendant, the City of Cleveland, the entire case is dismissed with prejudice.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated: September 4, 2018